UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JERRY RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>JERICHO PROJECT, INC., et al.,<br><br>    Defendants. | No. C 12-1329 RS (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The filing fee has been paid. The complaint was dismissed with leave to amend. Plaintiff has filed a motion to "stay the original complaint," Docket No. 19, which contains factual allegations sufficient to constitute an amended complaint. The Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

*See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff again alleges that employees of Jericho Project, Inc., a "long term treatment program," falsified state documents and committed other forms of fraud. Plaintiff has not stated a claim for relief that is plausible on its face. First, plaintiff has not alleged how these alleged acts violated his federal constitutional or statutory rights. Second, plaintiff has not shown that defendants are state, rather than private, actors. Private actors are not liable under § 1983. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

## CONCLUSION

The action is hereby DISMISSED WITH PREJUDICE, plaintiff having failed to allege facts sufficient to state a claim under § 1983. His motion to stay the complaint (Docket No. 19) is DENIED. The Clerk shall terminate Docket No. 19, enter judgment in favor of defendant, and close the file.

**IT IS SO ORDERED**.

DATED: July 27, 2012

RICHARD SEEBORG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JERRY RODRIGUEZ,

        Plaintiff,

v.

CHUCK ETCHITSON et al,

        Defendant.

Case Number: CV12-01329 RS

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 27, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerry Rodriguez
Solano County Jail
500 Union Avenue
Fairfield, CA 94533

Dated: July 27, 2012

Richard W. Wieking, Clerk
By: Betty Lee, Deputy Clerk